JOHNSON, *Appellant*, v. WILSON.

Priority among Incumbrancers: NOTICE. The grantor in a deed of trust afterward conveyed the land by warranty deed, and subsequently by a second deed of trust, the beneficiary in the latter knowing of the warranty deed. Upon a foreclosure under the first incumbrance, there was a surplus after satisfying the debt. The grantor was insolvent and non-resident. *Held*, that the grantee in the warranty deed was entitled to the surplus in preference to the beneficiary in the second deed of trust.

*Appeal from Audrain Circuit Court.*—HON. G. PORTER, Judge.

REVERSED.

The petition in this case alleged, substantially, that one Hepler made two deeds of trust conveying certain lands to defendant, Wilson, to secure the payment of certain notes; that subsequently Hepler made a general warranty deed conveying to plaintiff, for the sum of $200, sixteen acres of the lands conveyed by his said deeds of trust; that thereafter Hepler and defendant, Barnes, made their joint deed of trust conveying the lands of Hepler already conveyed, including said sixteen acres, and also certain lands of said Barnes, to defendant, Tureman, to secure the payment of the notes of Hepler and Barnes; that the trustee and beneficiary in this third deed of trust, at the time it was made, had full knowledge of the general

warranty deed; that said Wilson, as trustee, sold under the first two deeds of trust all the lands therein described, including the sixteen acres, and realized thereby $476 in excess of the secured notes; that the lands belonging to defendant, Barnes, and included in the third deed of trust, were amply sufficient to pay off the notes secured thereby; that Hepler was insolvent and a non-resident, and that plaintiff was without other remedy. The petition prayed for an order that the trustee in the third deed of trust sell the lands of said Barnes conveyed thereby, and that the holder of said secured notes exhaust his remedy therein before applying any part of the said $476, deposited with him for safe keeping, to the payment of said notes, and that the $200 purchase price, with six per cent interest, be paid to plaintiff out of said $476, and for general relief. To this petition there was a general demurrer, which was sustained, judgment was entered for defendant, and plaintiff appealed.

*M. Y. Duncan* for appellant.

*Thos. H. Musick* for respondents.

SHERWOOD, J.—The sixteen acres of land conveyed to plaintiff by Hepler, though subject to the former deeds of trust under which the sale took place, was not in equity subject to the last deed of trust, because the parties in interest had notice of the conveyance to plaintiff. He who takes with notice of an equity, takes subject thereto. The case stands before us then precisely as if the sixteen acres had not been sold under the prior deeds of trust, and the defendants were attempting to enforce their subordinate equitable and legal rights against the prior and well known equities of the plaintiff. True, the sixteen acres of land have been converted into money, but this does not affect the question since equity will, on proper occasions, treat money as land, and *vice versa*. The petition concludes with

a prayer for general relief. This will authorize any relief consistent with the facts alleged. If the sixteen acres of land had not been sold under the prior deeds of trust, it is quite clear that equity would not permit parties who took the third deed of trust with notice of plaintiff's rights to sell his land under such third incumbrance. No more will equity, in the circumstances of this case, permit such parties with notice, to lay their hands on the proceeds of the sixteen acres. Hepler being both non-resident and insolvent, if plaintiff could not obtain re-imbursement out of the overplus, the $476, he would be remediless; and we think his priority to re-imbursement out of that sum as clear as his priority to the sixteen acres. Therefore judgment reversed and cause remanded. All concur.